IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANALLELY GARCIA DE LA ROSA,

                                                           Civil Action File No.

      Plaintiff,

v.

WALMART, INC.;
WAL-MART STORES EAST, LP,
And JOHN DOE 1-3,

      Defendants.

_____/

**NOTICE OF REMOVAL**

COMES NOW WALMART, INC. AND WAL-MART STORES EAST, LP, named Defendants in the above-captioned matter, by and through their counsel of record, within the time prescribed by law, and files this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiff filed suit against Defendants WALMART, INC. and WAL-MART STORES EAST, LP in the State Court of Gwinnett County, Georgia, which is within the Atlanta Division of this Court. 28 U.S.C.A. § 90 (a)(2). Said lawsuit is styled as above and is numbered as Civil Action File No. 21-C-07860-S2. Plaintiff's claims against Defendants include claims of

negligence.

2.

Plaintiff filed the Complaint on or about November 2, 2021.  Defendants received service of process, summons and a copy of the Complaint on November 18, 2021.  Defendants timely file this Notice of Removal.

3.

Defendant Wal-Mart Stores East, LP is a Delaware limited partnership, of which WSE Management, LLC is the only general partner, and WSE Investment, LLC is the only limited partner. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC, and the sole member of Wal-Mart Stores East, LLC is Walmart Inc. Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas, and it was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of this lawsuit or at any time thereafter. The principal place of business for all entities mentioned in this paragraph is 708 SW 8th Street, Bentonville, AR  72716.

4.

Plaintiff is a citizen of the State of Georgia.

5.

Complete diversity of citizenship exists between Plaintiff and Defendants.

6.

The citizenship of the fictitious John Doe 1-3 is disregarded for purposes of determining jurisdiction. 28 U.S.C. § 1441(a).

7.

Plaintiff claims numerous injuries, including a closed fracture of the distal end of the radius in her left wrist, disrupted discs in her cervical spine, pain and suffering, past and future medical expenses, and has made a $1,000,000.00 settlement demand (Exhibit "A").  Plaintiff's Complaint (Exhibit "B") seeks recovery of medical expenses totaling $104,320.95, thereby meeting the jurisdictional requirement for federal subject matter jurisdiction.  See Lowery v. Alabama Power Co., 483 F.3d 1184, 1262 n.62 (11th Cir. 2007) (quoting 28 U.S.C. § 1446(b));  Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761–62 (5th Cir.2000);  Williams v. Safeco Ins. Co., 74 F.Supp.2d 925, 929 (W.D.Mo.1999); Southern Ins. Co. of Virginia v. Karrer, Civil Action No. 3:10–CV–84 (CAR), 2011 Westlaw 1100030 (M.D.Ga. Mar. 22, 2011); Golden Apple Management Co. v. Geac Computers, Inc., 990 F.Supp. 1364, 1368 (M.D.Ala. 1998); Jackson v. Select Portfolio Servicing, 651 F.Supp.2d 1279, 1281 (S.D.Ala. 2009); Barlow v. Variety

Wholesalers, Civil Action No. 5:14-CV-375 (WLS) (M.D.Ga. Dec. 17, 2014); Devezin v. Wal-Mart Stores East, LP, Civil Action No. 1:134-CV-3721 (CAP) (N.D.Ga February 20, 2015); Peterman v. Wal-Mart Stores, Civil Action No. 1:13-cv-91 (WLS), 2013 Westlaw 5210188 (M.D.Ga. Sept. 13, 2013); Farley v. Variety Wholesalers, Civil Action No. 5:13-CV-52 (CAR), 2013 Westlaw 1748608 (M.D.Ga. April 23, 2013); Streicher v. Sam's East, Inc., Civil Action File No. CV419-01(WTM) (S.D. Ga March 4, 2019). The amount in controversy, exclusive of interest and costs, exceeds $75,000.

8.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete diversity of citizenship between Plaintiff and Defendants.

9.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendants have attached as Exhibit "C" copies of all the pleadings that were provided to and served upon Defendants, including copies of all pleadings that have been filed to date in the State Court of Gwinnett County, Georgia for the above-styled case.

10.

Pursuant to 28 U.S.C. § 1446, Defendants are not required to file a removal bond.

11.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

12.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Gwinnett County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendants pray that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Atlanta Division.

                                            McLAIN & MERRITT, P.C.

                                            /s/ Ernest L. Beaton, IV
                                            Ernest L. Beaton, IV
                                            Georgia State Bar No. 213044
                                            Attorneys for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
ebeaton@mmatllaw.com

## CERTIFICATE OF SERVICE

This is to certify that on December 15, 2021, I electronically filed a **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

                                             McLAIN & MERRITT, P.C.

                                             /s/ Ernest L. Beaton, IV
                                             Ernest L. Beaton, IV
                                             Georgia State Bar No. 213044
                                             Attorneys for Defendants

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326-3240
(404) 266-9171
ebeaton@mmatllaw.com