EXHIBIT B

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07860-S2**
**11/2/2021 4:10 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANALLELY GARCIA DE LA ROSA, )<br><br>    Plaintiff, )<br><br>v. )<br><br>WALMART INC.; )<br>WAL-MART STORES EAST, LP; )<br>AND JOHN DOE 1-3 )<br><br>    Defendants. ) | CIVIL ACTION<br>FILE NO.<br><br>**21-C-07860-S2** |

### COMPLAINT

COMES NOW Plaintiff, Anallely Garcia De La Rosa (hereinafter, "Plaintiff") and files her Complaint through undersigned counsel, and respectfully shows the Court as follows:

1.

Plaintiff is a resident of the State of Georgia.

2.

Defendant Walmart Inc. (hereinafter, "Walmart" or "Defendant") is a foreign corporation existing under the laws of Delaware with its principal place of business in Arkansas. Walmart is registered to do business in the State of Georgia through the Georgia Secretary of State and may be served through its registered agent, the Corporation Company 106 Colony Park Drive Ste. 800 – B, Cumming, Forsyth County, Georgia 30040. Walmart is subject to the jurisdiction of this Court. Venue is proper pursuant to O.C.G.A. § 14-2-510(b)(3) because tortious conduct occurred in Gwinnett County at 3795 Buford Drive, Buford, Georgia 30519 (hereinafter, "the Property").

3.

Defendant Wal-Mart-Stores East, LP ("hereinafter "Wal-Mart" or "Defendant"), is a foreign corporation existing under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart is registered to do business in the State of Georgia through the Georgia Secretary of State and may be served through its registered agent, the Corporation Company 106 Colony Park Drive Ste. 800 – B, Cumming, Forsyth County, Georgia 30040. Wal-Mart is subject to the jurisdiction of this Court. Venue is proper pursuant to O.C.G.A. § 14-2-510(b)(3) because tortious conduct occurred in Gwinnett County at 3795 Buford Drive, Buford, Georgia 30519 (hereinafter, "the Property").

4.

Defendants John Does 1-3 are believed to be residents of the State of Georgia, whose whereabouts are currently unknown, and are subject to the jurisdiction and venue of this Court. Defendant John Doe 1-3 will be named and served with Summons and Complaint once identity is revealed. John Does 1-3 are or may be individuals and/or entities with ownership interests in the Property at issue, parties responsible for managing, maintaining, and/or keeping the common areas of the Property at issue safe for invitees, and/or parties who attempted to repair, clean, and/or remediate the common areas, including the location of Plaintiff's incident.

5.

Defendants are joint tortfeasors and venue is proper to all Defendants.

6.

On or about November 23, 2019, Plaintiff was an invitee at the Property.

7.

On or about November 23, 2019, Plaintiff slipped and fell in an oily substance on the floor.

8.

EXHIBIT B

Plaintiff was not aware of the oily substance on the floor and there were no signs to warn her of the hazardous condition.

9.

Defendant knew or should have known a hazardous condition existed in the common areas and failed to take action to remediate the hazardous condition or to warn invitees of the hazardous condition.

10.

As a result of Plaintiff's fall, she suffered serious injuries.

11.

Plaintiff's fall was caused solely by Defendants' negligence.

12.

Defendants were negligent because they failed to maintain, inspect, and clean the area where Plaintiff fell even though they had superior, actual and/or constructive knowledge of the hazardous condition.

## COUNT I – PREMISES LIABILITY

13.

Plaintiff realleges and incorporate herein by reference paragraphs 1 through 12 above as if they were restated verbatim.

14.

On November 23, 2019, Plaintiff was an invitee at the Property.

15.

Plaintiff slipped and fell in an oily substance on the floor.

16.

3

Defendants had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff fell.

17.

Defendants failed to exercise that duty by failing to maintain, inspect, and/or clean the area, which caused Plaintiff's fall.

18.

Defendants' failure and the corresponding actions described in this Complaint constitute negligence.

19.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, lost wages, suffering and discomfort, diminished quality of life, and medical expenses.

20.

As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate her for the following elements of damage:

      a.  Medical expense;

      b.  Pain and suffering;

      c.  Lost wages;

      d.  Mental anguish; and

      e.  Diminished quality of life

Case 1:21-cv-05113-WMR   Document 1-2   Filed 12/15/21   Page 5 of 11

EXHIBIT B

21.

As a proximate result of Defendants' negligence, Plaintiff suffered special damages no less

than as follows:

| Provider | Amount |
|---|---|
| Benchmark Physical Therapy | $11,037.25 |
| Georgia Emergency Department Services | $1,562.00 |
| Regional Medical Group | $11,875.65 |
| Dr. Brett Rosenberg | $800.00 |
| Gwinnett County Fire & Emergency SVCS | $1,170.00 |
| Gainesville Radiology Group | $323.00 |
| Georgetown Clinics | $2,073.00 |
| Northeast Georgia Health System | $7,008.00 |
| Hall Co. Health Department | $1,428.50 |
| Onyx Imaging LLC | $8,542.00 |
| Ortho Sport & Spine | $9,454.05 |
| Orthopaedic and Spine Center of Atlanta | $24,699.50 |
| Orthopaedic and Spine Center of Atlanta (Surgical Est.) | $24,348.00 |
| **Total Special Damages** | **$ 104,320.95+** |

22.

Defendants have been stubbornly litigious, acted in bad faith, or have caused Plaintiff to

incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs,

and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in

an amount to be proven at trial, but no less than $104,320.95, for general damages for past,

present, and future pain and suffering and loss of enjoyment of life in amounts to be determined

at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs,

expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court

deems just and proper.

## COUNT II: VICARIOUS LIABILITY

5

EXHIBIT B

23.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 22 above as if they were restated verbatim.

24.

At all times relevant to this action, John Does and/or employed individuals of Walmart and/or Wal-Mart (collectively referred to as "Agents"), were responsible for inspecting and maintaining the area where Plaintiff fell.

25.

Defendant(s) Walmart and/or Wal-Mart is/are responsible for the conduct of the Agents under the doctrines of *respondeat superior*, agency or apparent agency.

26.

The Agents had a duty to exercise ordinary care to keep the Property safe for invitees, including the area where Plaintiff fell.

27.

The Agents failed to exercise that duty by failing to maintain, inspect, and/or clean the area, which caused Plaintiff's fall.

28.

As a direct and proximate result of the Agents' negligence, Plaintiff suffered bodily injuries, emotional injuries, continuing pain, lost wages, suffering and discomfort, diminished quality of life, and medical expenses.

EXHIBIT B

29.

As a direct and proximate result of the Agents' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants, to compensate her for the following elements of damage:

      a.      Medical expense;

      a.      Pain and suffering;

      b.      Lost wages;

      c.      Mental anguish; and

      d.      Diminished quality of life.

30.

As a proximate result of the Agents' negligence, Plaintiff suffered special damages no less than as follows:

| Provider | Amount |
|---|---|
| Benchmark Physical Therapy | $11,037.25 |
| Georgia Emergency Department Services | $1,562.00 |
| Regional Medical Group | $11,875.65 |
| Dr. Brett Rosenberg | $800.00 |
| Gwinnett County Fire & Emergency SVCS | $1,170.00 |
| Gainesville Radiology Group | $323.00 |
| Georgetown Clinics | $2,073.00 |
| Northeast Georgia Health System | $7,008.00 |
| Hall Co. Health Department | $1,428.50 |
| Onyx Imaging LLC | $8,542.00 |
| Ortho Sport & Spine | $9,454.05 |
| Orthopaedic and Spine Center of Atlanta | $24,699.50 |
| Orthopaedic and Spine Center of Atlanta (Surgical Est.) | $24,348.00 |
| **Total Special Damages** | **$ 104,320.95+** |

31.

Defendants have been stubbornly litigious, acted in bad faith, or have caused Plaintiff to incur unnecessary trouble and expense for which she is entitled to recover attorney's fees, costs, and expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an amount to be proven at trial, but no less than $104,320.95+, for general damages, for past, present, and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial, together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and proper.

## COUNT III: NEGLIGENT TRAINING & SUPERVISION

32.

Plaintiff realleges and incorporate herein by reference paragraphs 1 through 31 above as if they were restated verbatim.

33.

Walmart and/or Wal-Mart is/are required to adopt policies and procedures to ensure sure that appropriate inspections, cleaning and maintenance were performed on the premises.

34.

Walmart and/or Wal-Mart is/are required to train its Agents concerning safety procedures for inspecting, repairing and maintaining the premises.

35.

Walmart and/or Wal-Mart is/are negligent for failing to adopt policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises.

36.

Walmart and/or Wal-Mart is/are negligent for failing to train its Agents concerning safety procedures for inspecting and maintaining the premises.

37.

Walmart and/or Wal-Mart was negligent in the training and supervising of its Agents.

38.

As a result of the negligence of Walmart and/or Wal-Mart, Plaintiff was injured.

39.

As a result of the negligence of Walmart and/or Wal-Mart in training and supervising its Agents, Plaintiff was injured.

40.

As a direct and proximate result of Walmart's and/or Wal-Mart's negligent hiring and supervision, Plaintiff is entitled to monetary damages from Walmart and/or Wal-Mart to compensate him for the following elements of damage:

       a.     Medical expense;

       b.     Pain and suffering;

       c.     Lost wages;

       d.     Mental anguish; and

       e.     Diminished quality of life.

EXHIBIT B

41.

As a proximate result of Walmart's and/or Wal-Mart's negligence, Plaintiff suffered

special damages no less than as follows:

| Provider | Amount |
|---|---|
| Benchmark Physical Therapy | $11,037.25 |
| Georgia Emergency Department Services | $1,562.00 |
| Regional Medical Group | $11,875.65 |
| Dr. Brett Rosenberg | $800.00 |
| Gwinnett County Fire & Emergency SVCS | $1,170.00 |
| Gainesville Radiology Group | $323.00 |
| Georgetown Clinics | $2,073.00 |
| Northeast Georgia Health System | $7,008.00 |
| Hall Co. Health Department | $1,428.50 |
| Onyx Imaging LLC | $8,542.00 |
| Ortho Sport & Spine | $9,454.05 |
| Orthopaedic and Spine Center of Atlanta | $24,699.50 |
| Orthopaedic and Spine Center of Atlanta (Surgical Est.) | $24,348.00 |
| **Total Special Damages** | **$ 104,320.95+** |

42.

Defendants have been stubbornly litigious, acted in bad faith, or caused Plaintiff to incur

unnecessary trouble and expense for which he is entitled to recover attorney's fees, costs, and

expenses, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants for special damages in an

amount to be proven at trial, but no less than $104,320.95+, for general damages, for past, present,

and future pain and suffering and loss of enjoyment of life in amounts to be determined at trial,

together with pre and post judgment interest as allowed by law, attorney's fees, costs, expenses

pursuant to O.C.G.A. § 13-6-11, and for such other and further relief as this Court deems just and

proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

EXHIBIT B

1.    That Process and Summons issue, as provided by law, requiring defendants to appear and answer Plaintiff's Complaint;

2.    That service be had upon defendants as provided by law;

3.    That the Court award and enter a judgment in favor of Plaintiff and against Defendants for compensatory damages in an amount to be proven at trial;

4.    That Plaintiff has a trial by a jury as to all issues; and,

5.    That Plaintiff has such other and further relief as the Court may deem just and proper.

Respectfully submitted this 2nd day of November 2021.

/s/ Allen M. Hoffman Jr.
Allen M. Hoffman Jr.
Georgia Bar No. 964123
/s/ Eric L. Jensen
Eric L. Jensen
Georgia Bar No. 391259
*Attorneys for Plaintiff*

Jensen Law, LLC
6111 Peachtree Dunwoody Road
Building G- Suite 201
Atlanta, Georgia 30328
Telephone: (404) 842-9380
Facsimile: (678) 904-3110
Email: ahoffman@eljlegal.com